IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**CRIMINAL CASE NO. 3:08cr202**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **MICHAEL MANDEL TRENT.** | ) | |

**THIS MATTER** is before the Court on the Defendant's letter dated June 30, 2009, which was received and filed by the Clerk of Court on July 8, 2009 [Doc. 73].

On September 23, 2008, the Defendant was charged in a bill of indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Defendant's initial appearance was on October 15, 2008, at which time counsel was appointed. On January 23, 2009, Defendant's counsel moved to withdraw from the representation of the Defendant, citing a conflict of interest. [Doc. 22]. The Court allowed counsel to withdraw [Doc. 23], and on January 23, 2009, appointed attorney D. Baker McIntyre, III to represent the Defendant.

[Doc. 26]. On June 10, 2009, following a two-day trial, a jury found the Defendant guilty of the offense charged. [Doc. 67]. The Defendant is now awaiting sentencing.

The Defendant's letter [Doc. 73], which the Court construes as a *pro se* motion, requests a copy of the transcript of the Defendant's trial proceedings. In the letter, the Defendant asserts that he is indigent; thus, the Court presumes that the Defendant seeks to have the transcript prepared at the Government's expense.

Generally, an indigent defendant is entitled to a transcript of his trial proceedings in order to prepare a direct appeal. See Britt v. North Carolina, 404 U.S. 226, 227, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). In the present case, however, the Defendant has not yet been sentenced, and thus no judgment has been entered from which the Defendant could appeal. Accordingly, the Court finds the Defendant's request for a trial transcript to be premature.

Additionally, the Defendant's *pro se* request is unnecessary, as the Defendant is represented by appointed counsel. Pursuant to the Criminal Justice Act, Defendant's counsel is entitled to request a copy of the trial

transcript to be prepared at the Government's expense. See 28 U.S.C. § 753(f).[1]

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Defendant's motion for the preparation of the trial transcript at the Government's expense [Doc. 73] is **DENIED**.

**IT IS SO ORDERED**.

Signed: July 13, 2009

Lacy H. Thornburg
United States District Judge

---

[1] As the Defendant is currently represented by an attorney, the Defendant is advised that he should communicate with his attorney regarding his request for a trial transcript. The Defendant is further advised that he should communicate with the Court only through his attorney.